## IN THE CHANCERY COURT OF DESOTO COUNTY, MISSISSIPPI

NRUPESH PATEL and TEJAL PATEL,                                    Plaintiffs,

vs.                                          Cause No. ___18-cv-999___

VIKRAM PATEL, PRAGATI INVESTMENTS, LLC,    NDMS: 3:20-CV-176-NBB-RP
OHMKISNA HOSPITALITY GROUP, LLC,
BANKPLUS BANK, PREMIER POINT, LLC,
PREMIER PETROLEUM INVESTMENTS, LLC,
PLEASANT POINT INVESTMENT, LLC,
PLEASANT PETROLEUM, LLC,
NABHIJ WINE, LLC, and NANDIKA PETROLEUM, LLC,            Defendants.

## COMPLAINT

TO THE HONORABLE CHANCERY COURT OF DESOTO COUNTY, MISSISSIPPI:

COME NOW the Plaintiffs, by counsel, and for cause of action would most respectfully

show and state unto this Court as follows:

1.    The Plaintiffs are adult resident citizens of DeSoto County, Mississippi.

2.

(a)    VIKRAM PATEL is an adult non-resident of the State of Mississippi and resident

citizen of the State of California who may be served with process at 12530 Hesperia Rd., Ste.

219, Victorville, CA 92395.

(b)    PRAGATI INVESTMENTS, LLC (Pragati) is a California limited liability

company having its principal place of business in Victorville, California.  It can be served with

process upon Vikram Patel, 12530 Hesperia Rd., Ste. 219, Victorville, CA 92395.

(c)    OHMKISNA HOSPITALITY GROUP, LLC (Ohmkisna) is a Mississippi limited

liability company, having its principal place of business in DeSoto County, Mississippi.  It can

FILED

MAY 25 2018

MISTY HEFFNER, CLERK 

T:\Taylor\Civil\Patel, Nrupesh\Complaint.docx

be served with process upon Nrupesh Patel, 7448 Craft Goodman Frontage Road, Olive Branch, MS 38654.

(d)    BANKPLUS BANK (BankPlus) is a Mississippi banking corporation doing business in DeSoto County, Mississippi.  It can be served with process upon Thomas R. Hudson, 1068 Highland Colony Parkway, Suite 200, Ridgeland, MS 39157.  No relief is sought against the bank in this Complaint and it is named as a party Defendant because of their status as a secured creditor of Ohmkisna.

(e)    PREMIER POINT, LLC, PREMIER PETROLEUM INVESTMENTS, LLC, PLEASANT POINT INVESTMENT, LLC, and PLEASANT PETROLEUM, LLC, are Mississippi limited liability companies, having their principal places of business in DeSoto County, Mississippi.  Their agent and address for service of process is Nrupesh Patel, 2194 Ross Rd., Olive Branch, MS 38654.  NABHIJ WINE, LLC, and NANDIKA PETROLEUM, LLC are also Mississippi limited liability companies, having their principal places of business in DeSoto County, Mississippi.  Their agent and address for service of process is Nrupesh A. Patel, 5028 B Highway 305 N., Olive Branch, MS 38654.  The members of these companies are parties to this proceeding and no further service of process on them is required.

3.    Ohmkisna operates a hotel in DeSoto County, Mississippi under a franchise agreement.  The Plaintiffs, Vikram Patel, and Pragati are members of Ohmkisna.  Upon information and belief Vikram Patel has a substantial ownership interest in Pargati.  Vikram Patel and Pragati claim to have recently acquired membership interests from other members.  Plaintiffs are informed and believe, and allege upon such information and belief, that Vikram Patel and Pragati purport to have acquired such additional membership interests, in a manner which is in violation of Ohmkisna's operating agreement.

T:\Taylor\Civil\Patel, Nrupesh\Complaint.docx

4.      Ohmkisna is the maker of a promissory note and deed of trust in favor of BankPlus. The note has been guaranteed by the Plaintiffs. The note is due for renewal on July 12, 2018. In order to renew the note, BankPlus has requested a current operating agreement. The franchisor has also requested a current operating agreement. Vikram Patel has executed what he purports to be an amended operating agreement. The Plaintiffs deny that the purported amended operating agreement correctly reflects the membership interests of the parties and deny that it was adopted in accordance with the then prevailing operating agreement. It is urgent that this matter be resolved immediately to prevent irreparable harm to the Plaintiffs and to Ohmkisna.

5.      The Plaintiffs are members of the limited liability companies listed in paragraph 2 (e) and have managed the day to day operation of the companies. Vikram Patel made loans to these companies to be repaid over a period of years and stated that he would become a member of the companies. However, Vikram Patel has acted in the capacity of a private lender rather than that of a member. He has directed that all of the companies utilize the Patel CPA firm, owned by his wife, as the accountant for the companies. Vikram Patel has caused certain tax returns and tax records to be prepared by the said CPA firm which state that he is a member of these companies. These tax records are conflicting or inconsistent with regard to the ownership claimed by Vikram Patel.

6.      The loans made to these companies by Vikram Patel were all oral. He directed Plaintiffs to have the companies make payments to other entities. Plaintiffs dispute the validity and/or enforceability of the loans under the statute of frauds and under principles of equity.

7.      The Plaintiffs described in this Complaint. The Plaintiffs and Vikram Patel are now at an impasse with regard to the operating agreement for Ohmkisna and its management.

The Plaintiffs have discovered information which indicates that Vikram Patel has taken actions by which he has sought to increase his ownership of the various companies and to manipulate the finances of the various companies to his advantage and to the disadvantage of the Plaintiffs and of the companies.    Plaintiffs allege, upon information and belief, that Vikram Patel has unnecessarily increased company debt, the full extent of which is not known to Plaintiffs at the present time; and has failed to adequately furnish Plaintiffs with information to which the Plaintiffs were entitled as members of the companies.

8.    Under the circumstances it is no longer reasonably practical for the Plaintiffs to carry on the business of the companies in which Vikram Patel owns an interest.  It is necessary that the Court order that there be a winding up of the business of such companies and that they be dissolved.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant the following special relief:

1.    That the Court appoint a commissioner to audit and investigate the ownership of the various companies described in this Complaint, together with the capital accounts and financial interests of the parties in and to said companies, and to report the same to the Court, and that upon such hearing as it deems proper, the Court enter a declaratory judgment, finding, and adjudicating the ownership of each of the said companies, together with the financial interests of the parties in and to each of the same;

2.    That the Court order and direct the parties to fully cooperate with the said commissioner and to timely supply all information and documents requested by said commissioner;

T:\Taylor\Civil\Patel, Nrupesh\Complaint.docx

3.      That upon final hearing the Court order the commissioner to act as a receiver for purposes of dissolution, windup, and liquidation of those companies in which the Plaintiffs and Vikram Patel, or any entity in which he owns an interest, are members;  and that in so doing the Court address and adjust the capital accounts and financial interests of the parties, reduce the liability of such companies as may be determined by the Court under the law and principles of equity; and/or that the Court award Plaintiffs a money judgment of and from Vikram Patel as the Court finds proper;

4.      That the Court conduct an expedited hearing, with or without notice, and order that the prior operating agreement of Ohmkisna remains in effect until and unless further orders of the Court, and/or that the Court direct the commissioner to execute such temporary operating agreement as the Court deems proper, and that the Court order the delivery the same to BankPlus and also to the franchisor of Ohmkisna;

5.      That the Court order that day to day management of the hotel and various companies described in the Complaint be vested in Plaintiffs subject to the appointment of a commissioner and/or further orders of the Court;

Plaintiffs further pray that the Court award such other relief, both general and specific, to which Plaintiffs may be entitled in the premises.

Respectfully Submitted,

BRIDGFORTH, BUNTIN & EMERSON, PLLC
*Attorneys for Plaintiffs*

Taylor Buntin (MSB #7525)
P.O. Box 241
Southaven, MS 38671
(662) 393-4450
taylor@bbelawyers.com

T:\Taylor\Civil\Patel, Nrupesh\Complaint.docx

STATE OF MISSISSIPPI

COUNTY OF DESOTO

      THIS DAY PERSONALLY appeared before me, the undersigned authority at law in and for the state and county aforesaid, the within named NRUPESH PATEL and TEJAL PATEL, who after each being duly and individually sworn and deposed states on their oath that they are the Plaintiffs in this cause and that the matters, things, and facts contained in the above and foregoing document are true and correct as therein stated to the best of their knowledge, information, and belief.



_____
NRUPESH PATEL

_____
TEJAL PATEL

      Given under my hand and official seal this the 24th day of May, 2018.

(Seal)

_____
Notary Public

STATE OF MISSISSIPPI
MELISSA S. BITTNER
NOTARY PUBLIC
ID No. 21808
Commission Expires
September 22, 2020
DESOTO COUNTY

T:\Taylor\Civil\Patel, Nrupesh\Complaint.docx